IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA CRISTOBAL,            )<br>                              )<br>          Petitioner,         )<br>                              )<br>   vs.                        )<br>                              )<br>SCHELIA A CLARK, Warden,      )<br>                              )<br>          Respondent.         )<br>_____) | No. C 07-4774 VRW (PR)<br><br>ORDER OF DISMISSAL |

      Petitioner, a prisoner at the Federal Correctional Institution in Dublin, California ("FCI Dublin"), has filed a petition for a writ of habeas corpus under 28 USC § 2241 challenging the lawfulness of the Bureau of Prisons ("BOP") regulations prohibiting her transfer to a Community Correctional Center ("CCC") until ten percent of her sentence remains.  Petitioner claims the regulations, codified at 28 CFR §§ 570.20 and 570.21, are inconsistent with the clear congressional intent articulated in 18 USC § 3621(b).  Petitioner has not exhausted the BOP's administrative appeals process, however.

      Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for a writ of habeas corpus.  <u>Castro-Cortez v INS</u>, 239 F3d 1037, 1047 (9th Cir 2001).  Nonetheless, "we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241."  Id (citations omitted).  The

1 requirement may be waived in limited circumstances because it is not a
2 jurisdictional prerequisite. Id; see, e g, <u>Laing v Ashcroft</u>, 370 F3d 994, 1000-01
3 (9th Cir 2004) (listing circumstances when waiver of exhaustion requirement
4 may be appropriate).

5 Petitioner claims that the exhaustion requirement should be waived in her
6 case. She argues that exhausting her claim through the BOP's administrative
7 appeals process "would be futile here because the BOP likely would reject
8 Petitioner's appeal based on its official policy that she is challenging." Pet at 4.
9 She also fears that the process may take too long. The court finds petitioner's
10 arguments unpersuasive.

11 Petitioner's mere fear that the appeal process may take too long is simply
12 not a sufficient basis to waive the exhaustion requirement. Nor is her
13 unsupported contention that pursuit of administrative remedies would be a futile
14 gesture. Recent cases and actions of the BOP suggest otherwise: All four
15 circuits that have addressed the validity of the BOP policy at issue here, 28 CFR
16 §§ 570.20 and 570.21, have found it invalid. See <u>Wedelstedt v Wiley</u>, 477 F3d
17 1160 (10th Cir 2007); <u>Levine v Apker</u>, 455 F3d 71 (2d Cir 2006); <u>Fults v
18 Sanders</u>, 442 F3d 1088 (8th Cir 2006); <u>Woodall v Fed Bureau of Prisons</u>, 432
19 F3d 235 (3d Cir 2005). So have the federal district courts in the Ninth Circuit
20 that have so far addressed the issue. See <u>Whistler v Wrigley</u>, No. C 06-0860-
21 LJO-WMW, 2007 WL 1655787, at *3 (ED Cal June 7, 2007) (listing cases). Not
22 surprisingly, recent habeas cases such as <u>Whistler</u> have been dismissed as moot
23 after the BOP informed the court that it had evaluated the petitioner "'without
24 reference to the time constraints imposed by 28 CFR 570.20-21," and transferred
25 him to a halfway house. Id at *6. Waiver of the exhaustion requirement is not
26 justified under these circumstances.

27
28 2

The petition for a writ of habeas corpus under § 2241 is DISMISSED without prejudice to refiling after exhausting the BOP's administrative appeals process.

The clerk shall close the file and terminate all pending motions as moot.

SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge